## B. O. MAHAFFEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106434. Promulgated December 4, 1942.

*R. D. Fitzgibbon, Esq.*, for the petitioner.
*Angus R. Shannon, Jr., Esq.*, for the respondent.

## OPINION.

TURNER, *Judge:* The petitioner contends that by the instrument of January 17, 1934, he made a gift to his mother of a life interest in

250 shares of preferred stock in Delk by transferring said shares to himself in trust and that the respondent erred in determining that the dividends on the said shares paid to his mother during the taxable years were taxable income to him. The respondent contends that the petitioner merely assigned to his mother the income which might thereafter be derived from said shares of stock, of which the petitioner continued to be the owner and over which he continued to exercise dominion and control.

The instrument of January 17, 1934, is captioned an assignment of dividend income from stocks. It recites the petitioner's desire to set aside the shares for the purpose of "assigning and transferring" to his mother for the term of her life "all dividend income" which might be derived therefrom; that the petitioner thereby assigned, transferred, and delivered to his mother for the term of her life all dividend income which might be derived from said shares during the term of her life and that from that date hence he was holding the shares in trust "for the purpose of accomplishing the dividend income assignment above mentioned." Nowhere in the instrument do we find any declaration of a gift or any intention to make a gift of a life interest in the shares as distinguished from the dividend income therefrom. All that the instrument covers or purports to cover is the "dividend income" which might be derived from said shares. Nor did petitioner by the instrument purport to constitute himself the trustee of a life estate for the mother in the shares. The only trust purported to be established by the instrument was for the purpose of accomplishing the assignment to the mother of the dividend income that might be derived from the shares during her lifetime.

The contract of sale executed by petitioner and Mesco on June 24, 1936, further tends to refute the claims of petitioner. The contract recites that petitioner as "SELLER hereby SELLS to BUYER [Mesco], and BUYER hereby PURCHASES from SELLER, all the right, title and interest in and to FIFTEEN HUNDRED (1500) shares of Delk * * * Preferred Stock as remains at the death of said SELLER—in other words said stock is hereby SOLD to said BUYER subject to the SELLER's life interest therein—being the right to receive all the income therefrom during SELLER's LIFE—which said life interest is excepted from this sale and retained by said SELLER." If, as petitioner contends, he was trustee for his mother with respect to the 250 shares of stock under consideration and she had a life interest therein, as distinguished from the dividend income therefrom, it is not borne out by the foregoing recitals. By said recitals the petitioner expressly sold the 1,500 shares (including the 250), retaining therein an interest based on his life and not on the life of himself and his mother. No intimation whatever is contained in the instrument that his mother had a life interest in 250 or any other number of the shares and that

such an interest also was being retained. An examination of the instrument of amplification and approval executed by petitioner and Mesco on June 8, 1937, likewise fails to indicate that petitioner's mother had a life interest in any portion of the 1,500 shares. In this instrument the interest acquired by Mesco in the 1,500 shares is referred to as "a certain remainder interest," and the interest retained by petitioner as "the life estate," the petitioner being referred to as "the life tenant." The instrument recites that the amount of $61,394.40 paid petitioner for the interest acquired by Mesco was "determined actuarially on the basis of * * * an expectancy of the life tenant, B. O. MAHAFFEY, equal to 14.93 years." The instrument further provides that at the death of petitioner the 1,500 shares or any converted form thereof "shall pass ABSOLUTELY to THE MESCO CORPORATION, its successors or assigns, as the owner of said remainder interest therein." That provision does not indicate that the petitioner's mother had a life interest in any of the shares, but on the contrary indicates that she did not. It is true that the assignment on stock certificate No. 64 executed by petitioner on June 24, 1936, and the recital contained on stock certificate No. 69, which was issued on August 5, 1936, indicate a life interest in the petitioner's mother in 250 shares, but these are in conflict with the provisions of the contract of June 24, 1936, between petitioner and Mesco and the approval and amplification thereof executed by them on June 8, 1937.

The respondent has determined that the dividends paid directly to the petitioner's mother during the years 1936 through 1938 on 250 shares of Delk preferred stock were taxable to petitioner. The petitioner seeks to avoid liability on the ground that as a result of a trust created by him she had a life interest in the shares and that the dividends were therefore not taxable to him. The burden was on the petitioner to show that he had created a trust giving his mother a life interest in the stock, and from our consideration of the evidence we think the conclusion must go against him. From the evidence we conclude that the most the petitioner did was to assign to his mother the dividend income that might be derived from the 250 shares during her lifetime, and we sustain the respondent on this issue. Cf. *Helvering* v. *Eubank*, 311 U. S. 122; *Helvering* v. *Horst*, 311 U. S. 112; *Harrison* v. *Schaffner*, 312 U. S. 579.

The remaining issue is as to the proper application of section 24 (a) (6) of the Revenue Act of 1936 [1] to the sale by the petitioner of

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

\* \* \* \* \* \* \*

(6) Loss from sales or exchanges of property, directly or indirectly, (A) between members of a family, or (B) except in the case of distributions in liquidation, between an individual and a corporation in which such individual owns, directly or indirectly, more than

certain interests in the 1,500 shares of Delk preferred stock to Mesco. The issue arises by reason of the fact that petitioner's two daughters owned all of the stock of Mesco. The 1,500 shares of Delk stock were acquired by petitioner in two lots, 500 shares in 1923 and 1,000 shares in 1934, the cost of the interest sold being $12,588.08 for the 500 share lot and $45,896 for the 1,000 share lot. The petitioner received from Mesco $61,394.40, realizing thereby a gain of $2,910.32 on the 1,500 shares as a unit. Applying capital gain and loss provisions of the statute, however, the respondent determined that a capital loss of $3,973.60 had been sustained on one lot and that recognizable capital gain in the amount of $2,363.02 had been realized on the other. The capital loss of $3,973.60 he determined not deductible because of provisions of section 24 (a) (6). The petitioner contends that the capital gains and losses on the two lots should be balanced one against the other and that the correct result on the sale of the 1,500 shares of Mesco was a capital loss of $1,610.58, which it is admitted is not allowable as a deduction because of the applicability of section 24 (a) (6). The petitioner concedes that in principle *Lakeside Irrigation Co.*, 41 B. T. A. 892, supports the determination of the respondent, but urges that this case should be distinguished for the reason that in *Lakeside Irrigation Co.* the block of stock sold was made up of stock of four different corporations, while here the stock sold was the stock of one corporation. The position of the petitioner is in our opinion untenable. He makes no objection to the separate treatment of the two lots of stock for the purpose of determining the amount of the capital loss as to one and the recognizable capital gain as to the other, but, the loss as to the one and the recognizable capital gain as to the other having been determined, he seeks to forget that there are two lots for all other purposes. The statute not only makes no provision for such treatment, but in our opinion clearly provides the contrary. *Lakeside Irrigation Co., supra;* affd., 128 Fed. (2d) 418; certiorari denied, 317 U. S. 666. The determination of the respondent as to this issue is accordingly sustained.

*Decision will be entered under Rule 50.*

---

50 per centum in value of the outstanding stock. For the purpose of this paragraph—(C) an individual shall be considered as owning the stock owned, directly or indirectly, by his family; and (D) the family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants.